# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DOUGLAS RAY TREECE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLOUNT COUNTY JUSTICE CENTER, ) <br> ) <br> Defendant. ) | No. 3:17-CV-222-JRG-HBG |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of civil rights filed under 42 U.S.C. § 1983. On June 21, 2017, the Court entered an order providing that Plaintiff would have twenty-one (21) days from the date of entry of the order to file an amended complaint [Doc. 5]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court might dismiss the action for want of prosecution, failure to comply with orders of the Court, and/or failure to state a claim [*Id.* at 2]. More than twenty-one days have passed and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff's failure to respond to the Court's order may be willful (if he received the order and declined to respond), or it may be negligent (if he did not receive the order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Either way, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the record reflects that the Court warned Plaintiff that the Court might dismiss this case if he failed to comply with the Court's order [Doc. 5 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this action [*Id.* at 1] and Plaintiff has not pursued this action since the entry of the order allowing him to amend the complaint.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b). Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b) for failure to prosecute and/or comply with orders of the Court.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE